**INDEX OF EXHIBITS**

**Exhibit A** – All pleadings and documents filed in Superior Court: (1) Summons; (2) Complaint; (3) Demand for Jury Trial; (4) Certificate of Compulsory Arbitration; (5) Notice of Change of E-Mail Address; (6) Affidavits of Service.

**Exhibit B** – Superior Court of Yavapai County Notice of Removal of Action to the United States District Court, District of Arizona

# EXHIBIT A

1  | LAW OFFICES OF
   | **CHARLES ANTHONY SHAW, PLLC**
2  | 140 NORTH GRANITE STREET
   | PRESCOTT, ARIZONA  86301
3  | TELEPHONE. (928) 778-0801
   | EMAIL tony@cashawlaw com
4  |
   | Charles Anthony Shaw, #003624
5  |
6  | Attorney for Plaintiff

7  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8  ## IN AND FOR THE COUNTY OF YAVAPAI

| Cristina A. Apolinar, a single woman, | ) | No. <u>P1300CV201000581</u> |
|---|---|---|
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| Fortner Aerospace Manufacturing, Inc., | ) | |
| an Arizona Corporation; Synchronous | ) | |
| Aerospace, Inc., a California | ) | |
| Corporation; Littlejohn & Co., LLC, a | ) | |
| Delaware Limited Liability Company; | ) | |
| Cheryl Edwards and John Doe Edwards, | ) | |
| wife and husband; Mike Bracey and | ) | |
| Jane Doe Bracey, husband and wife; | ) | |
| Yvonne Richardson and John Doe | ) | |
| Richardson, wife and husband, | ) | |
| Defendants. | ) | |

**THE STATE OF ARIZONA TO:**   Fortner Aerospace Manufacturing, Inc.

**Serve:**   **Michael Bracy**
**401 N Pleasant Street**
**Prescott, AZ 86301**

You are hereby summoned and required to appear and respond in the above entitled cause and Court (1) within TWENTY (20) DAYS, exclusive of the day of service, after service of this Summons and Complaint within the State of Arizona by a person authorized to do so; or (2) within THIRTY (30) DAYS, exclusive of the day of service, after service of this Summons upon you is completed if served by delivery of a copy of the Summons and Complaint outside the State of Arizona by a person

1  authorized to do so, or by publication in a newspaper, or by registered or certified mail,
2  or if the Arizona Motor Vehicle Superintendent is served as your agent.

3  Service is deemed completed (1) immediately when service is made by delivery
   of a copy of the Summons and Complaint within or without the State of Arizona, (2) if
4  Summons is published, thirty days after the first day of publication, (3) if served by
   registered or certified mail, thirty days after an Affidavit of Service by registered mail
5  is filed with the Court, or (4) if served on the Arizona Motor Vehicle Superintendent,
6  thirty days from the filing of an Affidavit of Compliance or officer's return.

7  YOU ARE HEREBY NOTIFIED that you are being served as Defendant in the
   above entitled action in this Court, and that in case of your failure to appear and
8  respond within the time applicable, a judgment by default will be rendered against you
   for the relief requested in the Complaint. If you are served other than by publication,
9  your failure to appear and respond would permit a judgment to be rendered against
10 you, and may result in the loss of any interest you may have in Arizona property. You
   are cautioned that in order to appear and respond you must file a Response or other
11 proper pleading in writing with the Clerk of the Court, accompanied by the necessary
   filing fee, within the time required, and you are required to serve a copy of the
12 Response or other pleading upon Plaintiff's attorney.

13 The name and address of Plaintiff's attorney is:
14
15      Charles Anthony Shaw
        LAW OFFICES OF CHARLES ANTHONY SHAW
16      140 North Granite Street
        Prescott, Arizona  86301
17
18 Requests for reasonable accommodation for persons with disabilities must be
   made to the Court by parties at least three (3) working days in advance of a scheduled
19 Court proceeding.

20 GIVEN UNDER MY HAND AND SEAL this 13 day of July, 2010.

21      JEANNE HICKS
        CLERK OF THE SUPERIOR COURT
22

23 By _____
24      Deputy Clerk
25
26
27
                                        2

1

LAW OFFICES OF
CHARLES ANTHONY SHAW, PLLC

2

140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301

3

TELEPHONE: (928) 778-0801
EMAIL tonyshaw@cableone.net

4

Charles Anthony Shaw, #003624

5

Attorney for Plaintiff

6

ORIGINAL FILED THIS _____
DAY OF _____ APR 0 7 2010
JEANNE HICKS
Clerk Superior Court, Yavapai County
By B Chamberlain
           Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

IN AND FOR THE COUNTY OF YAVAPAI

8

9

Cristina A. Apolinar, a single woman,          )
                                               )
10

                    Plaintiff,                 )
                                               )
11

vs.                                            )
                                               )
12

Fortner Aerospace Manufacturing, Inc.,         )
13

an Arizona Corporation; Synchronous            )
Aerospace, Inc., a California                  )
14

Corporation; Littlejohn & Co., LLC, a          )
Delaware Limited Liability Company;            )
15

Cheryl Edwards and John Doe Edwards,           )
wife and husband; Mike Bracey and              )
16

Jane Doe Bracey, husband and wife;             )
17

Yvonne Richardson and John Doe                 )
Richardson, wife and husband,                  )
18

                                               )
19

                    Defendants.                )
_____            )

No. P1300CV  201000581

COMPLAINT

(Non Classified Civil)

20

Plaintiff, by and through her attorney CHARLES ANTHONY SHAW, for her

21

Complaint against the Defendants, alleges as follows:

22

THE PARTIES

23

24

1.      Plaintiff is a single woman and a resident of Yavapai County, Arizona,

25

and, at all times pertinent to this Complaint was an employee of Fortner Aerospace

26

Manufacturing, Inc. ("Fortner") and Synchronous Aerospace, Inc. ("Synchronous"). All

27

1  acts alleged in this Complaint occurred in Yavapai County, Arizona.

2       2.     Fortner is an Arizona Corporation, authorized to do business and doing

3  business in Yavapai County, Arizona as an aerospace manufacturing company.

4  Fortner is a subsidiary of Synchronous.

5

6       3.     Synchronous is a California Corporation, authorized to do business and

7  doing business in Yavapai County, Arizona as an aerospace manufacturing company.

8  Synchronous does business in Yavapai County, Arizona through its subsidiary,

9  Fortner, whose manufacturing facility is located in Prescott, Arizona.

10      4.     Littlejohn & Co., LLC, ("Littlejohn") is a Delaware Limited Liability

11  private equity Company which is  authorized to do business and doing business in

12  Yavapai County, Arizona by virtue of the fact it owns the majority interest of

13

14  Synchronous.

15      5.     At all times pertinent to this Complaint, Cheryl Edwards ("Edwards") was

16  the Human Resources Director of Synchronous, located in its Santa Ana, California

17  headquarters office.  At all times pertinent to this Complaint, Edwards was a resident

18  of California but caused events to occur in Yavapai County, Arizona sued upon in this

19  case.

20

21      6.     At all times pertinent to this Complaint, Mike Bracey ("Bracey") was the

22  General Manager of the Fortner manufacturing facility.  At all times pertinent to this

23  Complaint, Bracey was a resident of Yavapai County, Arizona.

24      7.     At all times pertinent to this Complaint, Yvonne Richardson ("Richard-

25

26

27

2

son") was the Human Resources Manager of the Fortner manufacturing facility. At all times pertinent to this Complaint, Richardson was a resident of Yavapai County, Arizona.

8.    Upon information and belief, Edwards, Bracey, and Richardson are married. The true names of the spouses of Edwards, Bracey, and Richardson are unknown at the present time, and they are therefore being sued under the fictitious names of John Doe Edwards, Jane Doe Bracey, and John Doe Richardson respectively. At all times pertinent to this Complaint, Edwards, Bracey, and Richardson were acting for and on behalf of their respective marital communities. By virtue thereof, the marital communities of Edwards and John Doe Edwards, Bracey and Jane Doe Bracey, and Richardson and John Doe Richardson are liable for the acts hereinafter mentioned of Edwards, Bracey, and Richardson respectively.

9.    Edwards, Bracey, and Richardson are sued herein both in their official capacities with Synchronous as well as in their individual and private capacities.

10.    At all times pertinent to this Complaint, Edwards was acting within the course and scope of employment with Synchronous and as a result thereof Synchronous and Littlejohn are liable for the acts of Edwards under the principle of *respondeat superior*.

11.    At all times pertinent to this Complaint, Bracey, and Richardson were acting within the course and scope of employment with Fortner and Synchronous and as a result thereof Fortner, Synchronous and Littlejohn are liable for the acts of Bracey and Richardson under the principle of *respondeat superior*.

3

12.    At all times relevant, all Defendants were agents of the others in all actions and matters set forth; each was acting as the agent of the other and was acting in the scope of and cover of their agency with their principal, and every act of each defendant was ratified by the others.

## JURISDICTION

13.    This case involves common law claims for wrongful discharge, intentional and negligent infliction of emotional distress, intentional interference with employment contract, breach of contract, and breach of the implied covenant of good faith and fair dealing inherent in employment contracts. This action also seeks equitable and legal relief under 29 U.S.C. § 2615 for unlawful interference with rights protected by the Family and Medical Leave Act ("FMLA") and for retaliation against Plaintiff for exercising rights protected by the FMLA.   This Court has jurisdiction to hear and determine this action and to grant the relief requested pursuant to Article 6, § 14(1) of the Arizona Constitution.

## ALLEGATIONS COMMON TO ALL CLAIMS

14.    Plaintiff was employed by Fortner and Synchronous in June 2001. Plaintiff was promoted to Administrative Assistant in the Human Resources Department of the Prescott, Arizona manufacturing facility in 2004.   Plaintiff was moved into the Accounting Department of the Prescott, Arizona manufacturing facility in 2007 and remained in that position through her termination on April 24, 2008. Plaintiff's job performance evaluations were good at least until August 2007.

15.    In or about May 2006 Plaintiff separated from her fiancé with whom

4

she had been living until that time.  Plaintiff and her fiancé resolved their differences by December 2006 and began living with each other again at that time.

16.   During the summer of 2006 Jason Brooks, the CNC Supervisor of Fortner and Synchronous at the Prescott, Arizona facility, began making sexual overtures to Plaintiff.  These overtures occurred at work by sending sexually explicit e-mails to Plaintiff on her work computer.  These e-mails continued through December 2006. During the time period between summer 2006 and December 2006 and while Plaintiff was separated from her fiancé, Plaintiff responded favorably to these e-mails and even returned to Mr. Brooks some sexual e-mails of her own.  At the time Plaintiff re-established her relationship with her fiancé in December 2006, she stopped responding to the sexual e-mails of Mr. Brooks.

17.   Between January 2007 and March 2007 Jason Brooks continued to harass Plaintiff by sending her unwanted sexually explicit e-mails at work and telephoning her, requesting sexual favors.  On more than one occasion Jason Brooks asked Plaintiff to have sex with him at various places on company premises and off company premises.  On one day during this time period Jason Brooks requested approximately ten separate times by e-mail and telephone for Plaintiff to have sex with him.

18.   Plaintiff responded to the sexual overtures of Jason Brooks toward her after January 1, 2007 by telling him the sexual overtures were unwelcome and that she no longer wanted any relationship with him because he was married and she had re-established her relationship with her fiancé.  She specifically told Mr. Brooks to stop

his sexual harassment of her.   Mr. Brooks did not stop the unwanted sexual harassment which continued through March 2007.

19.     Jason Brooks spread false rumor and innuendo throughout the Prescott Arizona manufacturing facility of Fortner and Synchronous that Plaintiff was easy to have sex with and about her alleged sexual contact with him.  The conduct of Mr. Brooks between January and March 2007 made the work place environment hostile for Plaintiff.

20.     Plaintiff thereafter developed severe emotional distress, anxiety and fear.  She began taking depression and stress medication.

21.     Plaintiff made a formal complaint of sexual harassment to the Human Resources Manager of the Prescott, Arizona facility of Fortner and Synchronous, Kelly Wade, in or about March 2007.  Ms. Wade conducted some interviews but did nothing to stop the harassment or to express the Company's strong disapproval of the harassment.  Ms. Wade refused to look at the sexually harassing e-mails Plaintiff had retained and otherwise conducted an inappropriate sexual harassment investi-gation.  Ms. Wade made statements that there was nothing she could do about the sexual harassment complaint because of Jason Brooks' managerial position with the company and that Plaintiff could even be disciplined, pursuant to company policy, for waiting too long to make the complaint of sexual harassment.

22.     Kelly Wade quit employment with Fortner and Synchronous on April 30, 2007 and Richardson became the new Human Resources Manager of the Prescott, Arizona facility of Fortner and Synchronous shortly thereafter.

23.     The work environment for Plaintiff became more hostile and offensive for her after April 30, 2007. For instance, Richardson and other managers of Fortner and Synchronous at the Prescott, Arizona facility became cold and hostile toward Plaintiff. Jason Brooks continued to taunt Plaintiff with e-mails, bragging that he had gotten into no trouble whatsoever because of Plaintiff's sexual harassment complaint and that she should have kept her mouth shut because they could have had a good thing going.

24.     Jason Brooks was never disciplined in any regard for his sexual harassment of Plaintiff.

25.     Between May and August 2007 Plaintiff continued to complain to management of the Prescott, Arizona facility of Fortner and Synchronous that her workplace was still hostile because of her sexual harassment complaint and that Mr. Brooks had not been disciplined.

26.     As a result of Plaintiff's complaints, Bracey interviewed Plaintiff, Plaintiff's fiancé, and Jason Brooks. Bracey, however, did nothing to stop the continued harassment of Plaintiff, nor did he take any action to discipline Mr. Brooks. Bracey told Plaintiff to drop the matter of her sexual harassment complaint because she needed her paycheck.

27.     Also, during the summer of 2007, Richardson told Plaintiff to go back to work and not to bring up the sexual harassment matter again because the whole matter was nothing but a joke, and it was not sexual harassment.

28.     In August 2007 Plaintiff received her first written disciplinary warning and three-day suspension in her employment with Fortner and Synchronous for missing work due to increasing depression and sickness. Other employees were not

7

similarly disciplined for missing work.  This disciplinary notice is retaliatory against Plaintiff because of her complaint of sexual harassment.

29.   On September 13, 2007 Plaintiff filed a charge of sexual harassment discrimination against Synchronous with the Federal Equal Employment Opportunity Commission ("EEOC").  Thereafter Plaintiff's workplace became even more hostile for her than before.  Plaintiff noticed Richardson becoming more secretive than before and suspiciously using the shredder to shred documents.

30.   In October and November 2007 Plaintiff was hospitalized for depression and anxiety due to increasing hostility in her work place, and Plaintiff attempted to commit suicide.  Plaintiff's suicide attempt was unsuccessful.

31.   On November 15, 2007 Synchronous scheduled private mediation with a mediator from Phoenix, Arizona.  The mediation was not successful.

32.   After November 15, 2007 Edwards began to communicate with Plaintiff by e-mail.  On November 28, 2007 Edwards told Plaintiff in a telephone conversation that she needs to contact the EEOC by the end of the day to drop her EEOC charge of discrimination or Edwards would file criminal charges against Plaintiff for filing a fraudulent sexual harassment claim.  Edwards made this statement because she and Synchronous management had just been informed of the e-mails Plaintiff sent to Mr. Brooks prior to December 2007 wherein she engaged in sexual banter herself and allegedly welcomed the sexual overtures of Mr. Brooks.

33.   Edwards sent Plaintiff an e-mail on November 29, 2007 stating:

"Good morning Cristina,

First let me clarify our conversation I suggested, based on the emails that

8

you may want to consider withdrawing your compliant, I told you if it was me I wouldn't want these emails public. You then asked me if you were sitting on a fence post waiting to be fired. I told you we had no plans to fire you at this time. I told you we could file charges against you for filing a false claim, but didn't have plans to do that if you drop your complaint."

34.    On December 6, 2007 Plaintiff filed an amended charge of sexual harassment discrimination and retaliation against Synchronous with the EEOC.

35.    From December 6, 2007 until April 17, 2008 Plaintiff's work place became increasingly hostile and uncomfortable. Richardson and Bracey continued to act cold toward her and derisively made fun of "offending" her, and Plaintiff was intimidated and ridiculed by co-workers and other company managers regarding the fact she made a claim of sexual harassment that resulted in no discipline of the perpetrator. Plaintiff's continued complaints to remedy the hostile work environment were ignored by Fortner and Synchronous management.

36.    On April 17, 2008 Plaintiff attempted suicide again because of her increased depression and anxiety. She was hospitalized for one week. When she returned home on or about April 24, 2008, she received a letter from Edwards, dated April 24, 2008, stating she had been terminated because she had failed to return to work or call in her whereabouts for three consecutive days while she was hospitalized. The termination letter stated the termination was pursuant to company policy in the Company Employee Handbook.

37.    Plaintiff notified a co-worker on April 18, 2008 that she was going to need to be in the hospital for a week to take care of her serious medical needs. Upon information and belief, this co-worker informed Fortner and Synchronous management of this medical need.

38.     Richardson, Fortner, and Synchronous knew Plaintiff was on a medical leave when she was terminated and knew she had a right to FMLA leave.

### FIRST CLAIM FOR RELIEF

(Wrongful Discharge in violation of public policy – Common Law)

39.     As a proximate result of the actions of Defendants above described, Defendants are liable to Plaintiff for wrongful discharge in violation of public policy established by common law in *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985).

### SECOND CLAIM FOR RELIEF

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

40.     The retaliation and sexual harassment committed by Defendants against Plaintiff breached the implied covenant of good faith and fair dealing inherent in all employment contracts in Arizona, causing Plaintiff to be deprived of the benefits of her employment agreement. As a result thereof Fortner, Synchronous, and Littlejohn are liable to Plaintiff for breach of the implied covenant of good faith and fair dealing inherent in Plaintiff's employment contract.

### THIRD CLAIM FOR RELIEF

(Intentional Interference with Contractual Relations)

41.     By their actions, Edwards, Bracey, and Richardson intentionally interfered with the contractual relationship between Plaintiff and her employer for an improper and unjustified purpose. The actions of Edwards, Bracey, and Richardson are not protected by any privilege or qualified privilege.  Said actions caused Plaintiff to lose her job with Fortner and Synchronous and to lose certain benefits with a con·

10

1  sequent loss of income.  As a result thereof, Edwards, Bracey, and Richardson are

2  liable to Plaintiff for the tort of intentional interference with contractual relations.

3
## FOURTH CLAIM FOR RELIEF

4
### (Breach of Contract)

5

6  42.    The foregoing actions of Defendants violated Synchronous's contract of

7  employment with Plaintiff as set forth in Synchronous policies and procedures and

8  Arizona State Law in that Plaintiff has been sexually harassed in employment and

9  retaliated against in employment for engaging in the protected activity of opposing

10  sexual harassment.  As a result of this conduct, Fortner, Synchronous, and Littlejohn

11  are liable to Plaintiff for breach of contract and the damages caused thereby.

12
## FIFTH CLAIM FOR RELIEF

13
### (Intentional Infliction of Emotional Distress)

14

15  43.    The conduct of Defendants identified above was intentional, outrageous,

16  and unconscionable in its scope and severity, and was without legal justification.  Such

17  actions caused severe emotional distress to Plaintiff, and Defendants intended to cause

18  severe emotional distress to Plaintiff by their conduct.  Defendants  are liable to

19
20  Plaintiff for intentional infliction of emotional distress.

21
## SIXTH CLAIM FOR RELIEF

22
### (Negligent Infliction of Emotional Distress)

23  44.    The conduct of Defendants, previously alleged, unintentionally caused

24  emotional distress and bodily harm to Plaintiff. Defendants (1) should have realized

25  that their conduct involved an unreasonable risk of causing the distress, and (2) from

26
27  the facts known to them they should have realized that the distress might result in

11

illness or bodily harm.  As a result thereof, Defendants are liable to Plaintiff for the tort of negligent infliction of emotional distress.

### SEVENTH CLAIM FOR RELIEF

(Interference with Rights protected by FMLA, 29 U.S.C. § 2615(a)(1))

45.    Plaintiff is an eligible covered employee under the FMLA.

46.    Defendants are covered employers under the FMLA.

47.    Plaintiff was entitled to leave under the FMLA for the time period April 17-24, 2008 in order to care for her serious health condition.  Plaintiff's health condition was serious under the meaning of the FMLA because it involved continuing treatment of inpatient care in a hospital, which hospitalization  was known by Defendants.

48.    Plaintiff gave Defendants notice of her intention to take leave on April 18, 2008 by notifying them with enough information to put them on notice that FMLA-qualifying leave might be necessary.  Defendants were notified of Plaintiff's need of FMLA leave.

49.    Defendants denied Plaintiff FMLA benefits to which she was entitled by denying her right to continued employment or reinstatement in employment when she was released from the hospital.

50.    Plaintiff's taking FMLA-protected leave between April 17, 2008 and April 24, 2008 constituted a negative factor in Defendants' decision to terminate her.

51.    Defendants violated the provisions of 29 U.S.C. § 2619(a) requiring an employer to post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted, an approved notice

setting forth excerpts from, or summaries of, the pertinent provisions of the FMLA. Plaintiff was not aware of the provisions of the FMLA during the emergency situation of her hospitalization during the time period April 17, 2008 through April 24, 2008.

52.     Defendants' failure to post rights protected by FMLA in the work place and failure to inform Plaintiff of these rights when they became aware of her hospitalization constitute a further interference with Plaintiff's  rights under the FMLA.  This conduct deters an employee from participating in protected activities under the FMLA.

### EIGHTH CLAIM FOR RELIEF

(Retaliation for Exercise of Rights protected by FMLA, 29 U.S.C. § 2615(a)(2))

53.     Because of the foregoing actions Defendants intended to retaliate against Plaintiff for exercising FMLA rights in their termination of her.

### RIGHT TO EQUITABLE RELIEF UNDER THE FMLA

54.     Under the FMLA, the Court may order such affirmative action as may be appropriate or any other equitable relief as may be appropriate where the employer engages in an unlawful employment practice.

55.     As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff is entitled to recover equitable relief in lieu of reinstatement of front pay involving future wages, salary, employment benefits and other compensation to the date of Plaintiff's probable retirement.

56.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and is entitled to equitable relief as deemed appropriate by the Court in order to require all Defendants to comply with the FMLA in the future.

## DAMAGES ON COMMON LAW CLAIMS

57.   By reason of the Defendants' actions, Plaintiff has been deprived of income in the form of past wages and fringe benefits as well as future wages and fringe benefits in an amount to be presented at trial.

58.   As a result of the Defendants' actions, Plaintiff has incurred damages with regard to finding suitable and comparable employment, and is entitled to recover these damages from the Defendants in an amount to be presented at trial.

59.   The aforesaid actions on the part of the Defendants constitute conduct which is intentional, aggravated, outrageous, malicious, unconscionable, oppressive, and of an evil mind which is motivated by spite or ill will.  As a direct and proximate result of such conduct, all Defendants are liable to Plaintiff for punitive damages.

60.   As the proximate result of the Defendants' actions, Plaintiff has suffered and will continue to suffer extreme emotional distress, mental anguish, anxiety, anger, stress, insecurity, shame, and depression which has resulted in attempted suicides, hospitalization, loss of appetite, sleep disturbance, nightmares, extreme nervousness, headaches and stomach upset.  Plaintiff is therefore entitled to recover compensatory damages against all Defendants for these injuries in an amount to be presented at trial.

61.   As a result of Defendants' actions, Plaintiff has incurred damages for medical treatment, medical expenses, and medication expenses and will continue to incur these expenses in the future. As a result thereof, Plaintiff is entitled to recover compensatory damages for these expenses against all Defendants in an amount to be presented at trial.

62.     As a direct and proximate result of the aforesaid acts of all Defendants, Plaintiff has suffered damages for loss of reputation reasonably suffered in the past and reasonably likely to be suffered in the future.

63.     By reason of the Defendants' actions, Plaintiff has sustained damages involving loss of credit reputation and is therefore entitled to recover compensatory general damages in this regard in an amount to be presented at trial.

64.     By reason of the Defendants' actions, Plaintiff has had to secure the services of an attorney and is therefore entitled to recover attorney's fees in pursuing this litigation under the authority of A.R.S. § 12-341.01.

65.     Plaintiff is entitled to recover from all Defendants damages regarding the nature, extent and duration of the injuries suffered by her.

66.     As a direct and proximate result of the wrongful acts of all Defendants as alleged herein, Plaintiff will be placed in a higher tax bracket as a result of receiving future losses in a lump sum, and Defendants should pay the increase in said taxes as a result of receiving future losses in a lump sum.

## DAMAGES FOR VIOLATIONS OF THE FMLA

67.     As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has sustained legal damages on the FMLA claims for (1) wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the FMLA violation, (2) interest on the amount described above calculated at the prevailing rate, (3) reasonable attorney's fees, reasonable expert witness fees, and other costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

68.    As a further direct and proximate result of the aforesaid acts of Defendants, Plaintiff is entitled to recover additional liquidated damages on the FMLA claims equal to the sum of the amount described in ¶ 67 (1) and (2) above pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).  Defendants' violation of the FMLA in this case was not done in good faith, and Defendants should have realized that their actions were violative of the FMLA.

PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.    For compensatory, general and special, and consequential damages as described above;

2.    For attorney's fees, expert witness fees and costs, and for damages, costs, and interest as described in ¶ 67 (1) and (2) above;

3.    For liquidated damages as described above;

4.    For punitive damages;

5.    For judgment interest at the legal rate of 10 % per annum from the date of this judgment until paid on all sums due;

6.    For equitable relief as described above;

7.    For an amount to compensate Plaintiff for increased taxes she will have to pay as a result of receiving compensation for future losses in a lump sum;

8.    For such other relief as the court may deem just and proper.

1

RESPECTFULLY SUBMITTED this 7ᵗʰ day of April, 2010.

2

CHARLES ANTHONY SHAW, PLLC

3

4      By

5           Charles Anthony Shaw
            Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

17

ORIGINAL FILED THIS APR 07 2010
DAY OF _____
JEANNE HICKS
Clerk, Superior Court, Yavapai County
By _B. Chamberlain_
Deputy

1    LAW OFFICES OF
     **CHARLES ANTHONY SHAW, PLLC**
2    140 NORTH GRANITE STREET
     PRESCOTT, ARIZONA  86301
3    TELEPHONE:  (928) 778-0801
     EMAIL tonyshaw@cableone.net
4
     Charles Anthony Shaw, #003624
5
     Attorney for Plaintiff
6
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
7
                **IN AND FOR THE COUNTY OF YAVAPAI**
8
9    Cristina A. Apolinar, a single woman,   )   No. P1300CV   **201000581**
                                             )
10                  Plaintiff,               )
                                             )
11   vs.                                     )   **DEMAND FOR JURY TRIAL**
                                             )
12   Fortner Aerospace Manufacturing, Inc.,  )
     an Arizona Corporation; Synchronous     )
13   Aerospace, Inc., a California           )
     Corporation; Littlejohn & Co., LLC, a   )
14   Delaware Limited Liability Company;      )
     Cheryl Edwards and John Doe Edwards,    )
15   wife and husband; Mike Bracey and       )
     Jane Doe Bracey, husband and wife;      )
16   Yvonne Richardson and John Doe          )
17   Richardson, wife and husband,           )
                                             )
18                  Defendants.              )
                                             )
19   _____)

20        Plaintiff demands that all issues in this case triable by a jury be tried by a jury.

21        RESPECTFULLY SUBMITTED this 7th day of April, 2010.

22
                           CHARLES ANTHONY SHAW, PLLC
23
24                    By _____
25                           Charles Anthony Shaw
                             Attorneys for Plaintiff
26

27

ORIGINAL FILED THIS _____
DAY OF _____
JEANNE HICKS
Clerk Superior Court, Yavapai County
By _B Chamberla_____
       Deputy

APR 07 2010

LAW OFFICES OF
**CHARLES ANTHONY SHAW, PLLC**
140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301
TELEPHONE:  (928) 778-0801
EMAIL tonyshaw@cableone.net

Charles Anthony Shaw, #003624

Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Cristina A. Apolinar, a single woman, )<br><br>                    Plaintiff,                    )<br><br>vs.                                                  )<br><br>Fortner Aerospace Manufacturing, Inc., )<br>an Arizona Corporation; Synchronous )<br>Aerospace, Inc., a California )<br>Corporation; Littlejohn & Co., LLC, a )<br>Delaware Limited Liability Company; )<br>Cheryl Edwards and John Doe Edwards, )<br>wife and husband; Mike Bracey and )<br>Jane Doe Bracey, husband and wife; )<br>Yvonne Richardson and John Doe )<br>Richardson, wife and husband, )<br><br>                    Defendants.                    )<br>_____ ) | No. P1300CV  **201000581**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by the Complainants, including punitive damages, but excluding interest, attorney's fees, and costs, does exceed the $65,000 limit set by Local Rule for compulsory arbitration.  This case is not subject to the Uniform Rules of Procedure for Arbitration.

RESPECTFULLY SUBMITTED this 7th day of April, 2010.

CHARLES ANTHONY SHAW, PLLC

By _____
    Charles Anthony Shaw
    Attorneys for Plaintiff

2

JUL 6 2010

S. KELBAUGH

LAW OFFICES OF
**CHARLES ANTHONY SHAW, PLLC**
140 NORTH GRANITE STREET
PRESCOTT, ARIZONA 86301
TELEPHONE  (928) 778-0801
EMAIL tony@cashawlaw.com

Charles Anthony Shaw, #003624

Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Cristina A. Apolinar, a single woman, | No. P1300CV201000581 |
| Plaintiff, | |
| vs. | **NOTICE OF CHANGE OF E-MAIL ADDRESS** |
| Fortner Aerospace Manufacturing, Inc., an Arizona Corporation; Synchronous Aerospace, Inc., a California Corporation; Littlejohn & Co., LLC, a Delaware Limited Liability Company; Cheryl Edwards and John Doe Edwards, wife and husband; Mike Bracey and Jane Doe Bracey, husband and wife; Yvonne Richardson and John Doe Richardson, wife and husband, | |
| Defendants. | |

Notice is given the attorney for Plaintiff has changed his e-mail address to tony@cashawlaw.com.

RESPECTFULLY SUBMITTED this 6th day of July, 2010.

CHARLES ANTHONY SHAW, PLLC

By _____
Charles Anthony Shaw
Attorneys for Plaintiff

1 | Charles Anthony Shaw, #003624
Law Offices of Charles Anthony Shaw, PLLC
2 | 140 N. Granite Street
Prescott, Arizona 86301
3 | Telephone:(928) 778-0801

4 | Attorney for Plaintiff

5

6 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 | IN AND FOR THE COUNTY OF YAVAPAI

8

9 | Cristina A. Apolinar, a single    )
woman,                             )
10 |                                 )
            Plaintiff,             )
11 |                                 )   Case No.: P1300CV201000581
vs.                                )
12 |                                 )   AFFIDAVIT OF SERVICE
Fortner Aerospace Manufacturing,   )
13 | Inc., et al.                     )
                                     )
14 |        Defendents.              )

15
      I, **Michael Estrada**, being first duly sworn, depose and say that I
16
am a resident of the United States and of the State of California.  My
17
business address is A-1 Process Service, Inc., P.O. Box 6274, Santa
18
Ana, CA 92706.  I am over the age of twenty-one (21) years and not a
19
party to the within-entitled action.  On **July 15, 2010, at 4:19 pm**, I
20
served the following document(s):
21
         1. **SUMMONS**
22       2. **COMPLAINT**
         3. **CERTIFICATE OF COMPULSORY ARBITRATION**
23       4. **DEMAND FOR JURY TRIAL**
         5. **NOTICE OF CHANGE OF E-MAIL ADDRESS**
24

25

1

1   Party Served: **SYNCHRONOUS AEROSPACE, INC.**

2   by personally delivering, a true copy thereof to:

3           **MARVIN LEE, Authorized to accept**

4   Place of Service:

5           **2331 South Pullman Street**
            **Santa Ana, CA 92705**

6

7                           Dated this 19th day of July, 2010

8

9                           _Michael Esto_____
                            Michael Estrada
10                          Process Server
                            Orange County, CA
11                          Reg. No. PSC 2161

12

13

14                                          MICHELLE SMITH
                                            COMMISSION #1878418
15                                          Notary Public - California
        State of California, County of _Orange_          ORANGE COUNTY
16      Subscribed and sworn to (or affirmed) before me   My Commission Expires
        on this _19_ day of _July_____ , 20 _10_ .            JANUARY 29, 2014
17      by _Michael Estrada_____
        personally known to me or proved to me on the
18      basis of satisfactory evidence to be the person(s)
        who appeared before me.
        Signature: _Michelle Smith_____
19

20

21

22

23

24

25

                                    2

ORIGINAL FILED THIS JUL 22 20
DAY OF _____
JEANNE HICKS
Clerk Superior Court
By **B. Chamberlain**
Deputy

# Affidavit of Process Server

| | | |
|---|---|---|
| CRISTINA A. APOLINAR | VS   FORTNER AEROSPACE MANUFACTURING, INC. et al | P1300CV201000581 |
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I GRANVILLE MORRIS _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served LITTLEJOHN & CO, LLC _____
NAME OF PERSON / ENTITY BEING SERVED
SUMMONS, COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION, DEMAND FOR JURY TRIAL
with (list documents) & NOTICE OF CHANGE OF E-MAIL ADDRESS

by leaving with MELISSA WHEELER  (PROCESS AGENT) _____ At
NAME                                    RELATIONSHIP

☐ Residence _____
ADDRESS                                    CITY / STATE

☒ Business C/O NATIONAL REGISTERED AGENTS 160 GREENTREE DR. DOVER, DE
ADDRESS                                    CITY / STATE

On 7/15/10 _____ AT 1:45 PM _____
DATE                                    TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY           STATE           ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☒ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE           TIME                    DATE           TIME

(3)_____ (4)_____ (5)_____
DATE       TIME                 DATE       TIME                 DATE       TIME

AGE     35   Sex F   Race W   Height 5'6   Weight 130   HAIR BROWN,

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 15TH day of JULY _____ ,2010.

_____
SIGNATURE OF NOTARY PUBLIC

**OFFICIAL SEAL**
KEVIN DUNN
NOTARY PUBLIC-DELAWARE
MY COMMISSION EXPIRES 11/23/10

NOTARY PUBLIC for the state of  DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

JUL 15 2010
ORIGINAL FILED THIS _____
DAY OF _____
JEANNE HICKS
Clerk Superior Court
By **B. Chamberlain**
Deputy

E-Z MESSENGER
101 E. Gurley Street  Suite A
Prescott, AZ 86301
(928) 443-5440  FAX: (928) 443-5442

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF YAVAPAI

**CRISTINA A. APOLINAR A SINGLE WOMAN**            CASE NO. P1300CV201000581
                 VS
**FORTNER AEROSPACE MANUFACTURING, INC.**

STATE OF ARIZONA                        )              AFFIDAVIT OF SERVICE
YAVAPAI COUNTY                          )
THE AFFIANT, being sworn, states: That I am a private process server registered in
YAVAPAI COUNTY and an Officer of the Court.  On 07/14/10 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; NOTICE OF
CHANGE OF E-MAIL ADDRESS

from CHARLES ANTHONY SHAW, PLLC and by CHARLES ANTHONY SHAW in each instance I
personally served a copy of each document listed above upon:
FORTNER AEROSPACE MANUFACTURING, INC. on 07/15/10 at 10:40 am at 401 N. PLEASANT
STREET PRESCOTT, AZ 86301 YAVAPAI COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with MICHAEL BRACY, STATUTORY
AGENT, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Male, Approx. 45 yrs. of age, 5' 6" tall, Weighing 160lbs.,
BLACK Hair,

                                    /s/SHAWN B. MILLER
                                                        Affiant
                                    Sworn to before me the  Jul 15, 2010

                                    /s/Douglas E. Hastings
                                                        Notary

                                    My Commission expires:  09/29/2013
                                          AX021946159

SERVICE OF PROCESS $    16.00
MILES          1   $    16.00      1946159 7520
SERVICE CHARGE     $     6.50      CLIENT COPY
AFFIDAVIT PREP/NOTARY $  10.00
         TOTAL $       48.50

ﾟGINAL FILED THIS ___ JUL 1 6 2010
DAY OF ___
JEANNE HICKS
Clerk Superior Court
By ___
Deputy

E-Z MESSENGER
101 E. Gurley Street  Suite A
Prescott, AZ 86301
(928) 443-5440  FAX: (928) 443-5442

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF YAVAPAI

**CRISTINA A. APOLINAR**                    CASE NO. P1300CV201000581
                    VS
**FORTNER AEROSPACE MANUFACTURING, INC.**

| | |
|---|---|
| STATE OF ARIZONA                    ) | AFFIDAVIT OF SERVICE |
| YAVAPAI COUNTY                    ) | |

THE AFFIANT, being sworn, states: That I am a private process server registered in
YAVAPAI COUNTY and an Officer of the Court.  On 07/14/10 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; NOTICE OF
CHANGE OF E-MAIL ADDRESS

from CHARLES ANTHONY SHAW, PLLC and by CHARLES ANTHONY SHAW in each instance I
personally served a copy of each document listed above upon:
JANE DOE BRACY WHOSE TRUE NAME IS ELLORA BRACY on 07/15/10 at 6:17 pm at 2540 ERIN
CIRCLE PRESCOTT, AZ 86301 YAVAPAI COUNTY in the manner shown below:

in person.

Description: WHITE, Female, Approx. 45 yrs. of age, 5' 3" tall, Weighing 165lbs.,
GREEN Eyes, BLONDE Hair,

/s/DOUGLAS E HASTINGS, ACPS
                                        Affiant
Sworn to before me the  Jul 16, 2010

/s/Shawn B. Miller
                                        Notary

My Commission expires: 08/31/2013

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| MILES          4 | $ | 16.00 |
| SERVICE CHARGE | $ | 6.50 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 48.50 |

AX021946160

1946160 7520
CLIENT COPY



ORIGINAL FILED THIS JUL 1 5 2010
DAY OF
JEA
Clerk
By _____

E-Z MESSENGER
101 E. Gurley Street  Suite A
Prescott, AZ 86301
(928) 443-5440  FAX: (928) 443-5442

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF YAVAPAI

**CRISTINA A. APOLINAR A SINGLE WOMAN**          CASE NO. P1300CV201000581
                    VS
**FORTNER AEROSPACE MANUFACTURING, INC.**

| | |
|---|---|
| STATE OF ARIZONA ) | AFFIDAVIT OF SERVICE |
| YAVAPAI COUNTY ) | |

THE AFFIANT, being sworn, states: That I am a private process server registered in
YAVAPAI COUNTY and an Officer of the Court.  On 07/14/10 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; NOTICE OF
CHANGE OF E-MAIL ADDRESS

from CHARLES ANTHONY SHAW, PLLC and by CHARLES ANTHONY SHAW in each instance I
personally served a copy of each document listed above upon:
MICHAEL BRACY on 07/15/10 at 10:40 am at 401 N. PLEASANT STREET PRESCOTT, AZ 86301
YAVAPAI COUNTY in the manner shown below:

in person.

Description: WHITE, Male, Approx. 45 yrs. of age, 5' 6" tall, Weighing 160lbs.,
BLACK Hair,

/s/SHAWN B. MILLER
                                        Affiant
Sworn to before me the  Jul 15, 2010

/s/Douglas E. Hastings
                                        Notary

My Commission expires:  09/29/2013

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 26.00 |

AX021946155

1946155 7520
CLIENT COPY



```
                                              JUL 1 6 2010
                                      ORIGINAL FILED THIS _____
                                      DAY OF _____
                                      JEANNE HICKS
                                      Clerk Superior Court
                                      By _____
                                                  Deputy
```

E-Z MESSENGER
101 E. Gurley Street  Suite A
Prescott, AZ 86301
(928) 443-5440  FAX: (928) 443-5442

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF YAVAPAI

**CRISTINA A. APOLINAR**                    CASE NO. P1300CV201000581
                         VS
**FORTNER AEROSPACE MANUFACTURING, INC.**

STATE OF ARIZONA                )           AFFIDAVIT OF SERVICE
YAVAPAI COUNTY                  )
THE AFFIANT, being sworn, states: That I am a private process server registered in
YAVAPAI COUNTY and an Officer of the Court.  On 07/14/10 I received the SUMMONS;
COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; DEMAND FOR JURY TRIAL; NOTICE OF
CHANGE OF E-MAIL ADDRESS

from CHARLES ANTHONY SHAW, PLLC and by CHARLES ANTHONY SHAW in each instance I
personally served a copy of each document listed above upon:
YVONNE  RICHARDSON K/N/A YVONNE MORLAN on 07/15/10 at 6:08 pm at 714 SOLANO DRIVE
PRESCOTT, AZ 86301 YAVAPAI COUNTY in the manner shown below:

in person.

Description: WHITE, Female, Approx. 40 yrs. of age, 5' 6" tall, Weighing 180lbs.,
BLUE Eyes, BLONDE Hair,

                                      /s/DOUGLAS E HASTINGS, ACPS
                                      _____
                                                          Affiant
                                      Sworn to before me the  Jul 16, 2010

                                      /s/Shawn B. Miller
                                      _____
                                                          Notary

                                      My Commission expires:  08/31/2013

SERVICE OF PROCESS $    16.00
        MILES     2 $    16.00
SERVICE CHARGE      $     6.50         1946161 7520
AFFIDAVIT PREP/NOTARY $  10.00         CLIENT COPY
           TOTAL $      48.50

AX021946161